GILBERT B. GOFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46359. Promulgated January 9, 1933.

*Theodore B. Benson, Esq.*, for the petitioner.
*E. L. Corbin, Esq.*, for the respondent.

OPINION.

GOODRICH: Respondent determined deficiencies in income taxes for the years 1925 and 1926 totaling $4,781.95. Of that amount, approximately $3,600 is here in controversy. The sole issue in the case is whether respondent erred in refusing to permit petitioner to deduct from his income, as depletion allowances, $12,646.45 for 1925 and $12,278.96 for 1926. As our findings of fact, we adopt the stipulation submitted by the parties. It is unnecessary to here recite those facts, for this same issue has been presented previously to this Board and decided adversely to petitioner, the case being reported in 18 B. T. A. 283. The facts there set out with respect to this issue are identical with the facts in the case now at bar except as to the taxable years and the amounts involved. For the purposes of this report a brief statement will suffice.

Petitioner is one of the beneficiaries under a trust created by his father, who conveyed to a trustee certain mineral lands, the income from which he retained to himself for life. Upon the grantor's death, one-half the income was to be paid to petitioner, one-fourth thereof to petitioner's wife, and the remaining one-fourth was to be retained in a separate trust fund for their children. The trustee was directed to make distribution when the youngest of the children attained the age of twenty-one, then conveying to petitioner, if living, one-half of the corpus of the trust, and to the wife, if living and not married to another, one-fourth thereof. In the event of the death of both petitioner and his wife before the termination of the trust, the corpus was to be distributed to the children, or their surviving issue. In the event his wife, their children and their issue should predecease him, the corpus was to be conveyed to petitioner.

In the prior case (18 B. T. A. 283) the Board, relying upon, among other decisions, those of *Kate Fowler Merle-Smith*, 11 B. T. A. 254, and *Margaret B. Fowler*, 11 B. T. A. 265, held that petitioner could not deduct from his income any amount as depletion allowance, for the reason that he was a beneficiary of a trust. That principle, restricting the class of taxpayers to whom a deduction for depletion may be allowed, having been rejected upon appeal of the cases cited (*Merle-Smith* v. *Commissioner*, 42 Fed. (2d) 837; certiorari denied, 282 U. S. 897), petitioner urges that a deduction for depletion must now be allowed to him, and that our prior decision should be overruled. That result does not necessarily follow. A deduction for depletion was permitted to the beneficiaries in the *Merle-Smith* case because the court found that they had present vested interests in the corpus of the trust and, consequently, the exhaustion of the property resulted in a diminution of the value of their capital assets of the character for which the Congress provided an offset by means of the statutory allowances for depletion. Here, petitioner has no property interest in the corpus which is being depleted. Under the terms of the trust instrument, as we read it, he got no more than a contingent interest in the corpus; one which might never vest. He had no power of disposition over the trust property; he had no present, vested equitable interest in it, and therefore it is our opinion that he had no property subject to an exhaustion for which depletion should be allowed him. True, the income which he was to enjoy for a term of years, or throughout his life should he die before the trust terminated, perhaps would be reduced by the exhaustion of the property, but that loss can not be made up by allowances for depletion. True it is also that, because of exhaustion, the property would be less valuable at the time his contingent interest would vest at the end of the term of years than it was at the time the trust was created, but that difference can not be made up to him by allowances for depletion, for he received no present interest in the property in its then condition.

Therefore, we sustain respondent's action in denying to petitioner deductions from his income on account of depletion in the case at bar and, for the reasons given, reaffirm our decision in the proceeding previously brought by this petitioner, though the basis there given for our action has since been rejected. Cf. *Rita M. Kohler White*, 23 B. T. A. 391; *Otto H. Falk et al, Executors*, 24 B. T. A. 299.

*Judgment will be entered for the respondent.*